**2011-CC01214**

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

## IN THE CIRCUIT COURT OF ST.CHARLES COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| MARYANN BRENNAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.** |
| | ) | |
| v. | ) | **Division No.** |
| | ) | |
| COMPASS HEALTH, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve Registered Agent at: | ) | |
|    CT CORPORATION SYSTEM | ) | |
|    120 S. Central Avenue | ) | |
|    Clayton, MO 63105 | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW, Plaintiff, Maryann Brennan (hereinafter "***Plaintiff***"), by and through her counsel, for her complaint against Defendant Compass Health Inc. (hereinafter "***Defendant***"), respectfully shows the Court and alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for damages to redress the deprivation of rights secured to Plaintiff by the Missouri Human Rights Act (hereinafter "***MHRA***") and Americans with Disabilities Act (hereinafter "***ADA***").

2.    The unlawful employment practices described herein were committed within the State of Missouri, in Defendant's offices in St. Charles County, Missouri.

3.    Prior to filing this action, Plaintiff timely filed her written charge asserting disability discrimination and age discrimination with the Equal Employment Opportunity Commission (hereinafter "***EEOC***") and Missouri Commission on Human Rights (hereinafter "***MCHR***").

4.    On or about September 23, 2020, the MCHR issued a Right to Sue. A copy of said Right to Sue is attached hereto and marked as **Exhibit "A."** Said Exhibit "A" is incorporated



EXHIBIT
A

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

herein as though herein set forth in full.

5.      On or about September 30, 2020, the EEOC issued a Right to Sue.  A copy of said Right to Sue is attached hereto and marked as **Exhibit "B."**  Said Exhibit "B" is incorporated herein as though herein set forth in full.

6.      In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the MCHR and within two years after Defendant willfully violated Plaintiff's rights under MHRA.

7.      In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the EEOC and within two years after Defendant willfully violated Plaintiff's rights under ADA.

<u>PARTIES</u>

8.      At all times herein mentioned Plaintiff was a female citizen of the United States and a resident of the County of Saint Charles, State of Missouri.

9.      Plaintiff is a person entitled to protection pursuant to the provisions of 213.010(5), or alternatively or conjunctively 42 U.S.C. § 12111(8).

10.     Defendant is a Missouri Nonprofit Corporation who conducts business in the state of Missouri.

11.     Defendant was the "employer" of Plaintiff within the meaning of § 213.010(8) at all times relevant to this action.

12.     Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 42 U.S.C. § 12102(5)(A).

<u>FACTS</u>

13.     Plaintiff restates, realleges and reavers and hereby incorporates by reference the

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

above stated paragraphs of this Petition.

14.     At the time of the termination of her employment, Plaintiff was employed by Defendant and placed at the location 1032 Crosswinds Court, Wentzville, MO 63385.

15.     At all times relevant herein, Defendant employed more than 15 employees.

16.     At all times relevant herein, Defendant acted through its servants and agents.

17.     Plaintiff was employed as a Licensed Quality Management Specialist by Defendant from October 31, 2011 until the constructive discharge of her employment (hereinafter referred to as "termination") on November 1, 2019. Plaintiff's employment has been continuous.

18.     Plaintiff suffers from a mental impairment that substantially limits her ability to perform certain tasks that are not central to her employment.

19.     Specifically, Plaintiff is under medical care for panic attacks and performance anxiety.

20.     At the time of her termination, Plaintiff's ending rate of pay was $59,820.80 per year.

21.     During her employment with the Defendant, Plaintiff had received medical, life insurance, short term disability insurance, long term disability insurance, a 401(k) match, a wellness benefit, and paid time off.

22.     From the beginning of Plaintiff's employment until May of 2019, Plaintiff had been granted an accommodation with respect to her disability.

23.     Periodically, Plaintiff was required to draft a report on chart reviews of certain items that her supervisor would use when presenting at a monthly meeting at the Company headquarters in Jefferson City, MO.

24.     Due to Plaintiff's disability, Plaintiff is unable to give the presentation.

25.     Defendant knew about Plaintiff's disability and, previously, as a reasonable

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

accommodation, would have Plaintiff prepare the report and Plaintiff's supervisor would present the report at the monthly meetings.

26.     On or about May 7, 2019, Plaintiff's supervisor Kendra Hines (hereinafter "*Hines*") insisted that Plaintiff attend the monthly meeting in Jefferson City and give a five-minute report to a group consisting largely of company management.

27.     On or about May 14, 2019, Plaintiff informed Hines that she was unable to present at the meeting due to her performance anxiety and panic order.

28.     As a result of Plaintiff informing Hines about her being unable present the report due to her disabilities, Hines asked Plaintiff to write a more detailed report that Hines could present at the meeting.

29.     Plaintiff believed Hines' proposal in Paragraph 28 was reasonable.

30.     On or about May 16, 2019, Hines directly notified human resources that Plaintiff needed the forms related to disability protections.  Hines then went to Plaintiff and informed her that Hines had done a disservice the other day and apologized for not bringing up the need for an accommodation and that she was going to put Plaintiff in touch with human resources about it.

31.     On or about May 18, 2019, human resources sent Plaintiff a form that included a requirement that she get a diagnosis from her doctor.

32.     On or about May 21, 2019, Plaintiff met with Margaret Orf of human resources (hereinafter "*Orf*") and was told that this could be worked out without needing to utilize the accommodation process.

33.     On or about May 24, 2019, Plaintiff's medical provider, Dr. Cindy Willbrand, completed the forms stating that Plaintiff was unable to verbally present reports/information/answering questions in groups and Dr. Christian Wessling signed off on the

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

forms.

34.     On or about May 28, 2019, Plaintiff called and left a message for Orf regarding the submission of her forms, to which she received no response.

35.     On or about June 4, 2019, Plaintiff forwarded a copy of the completed forms with the diagnosis to Orf.

36.     On or about June 4, 2019, Orf called Plaintiff back and mentioned she was surprised that Hines had not spoken with Plaintiff regarding the request for an accommodation.

37.     Following the June 4, 2019 conversation with Orf, Plaintiff reached out to Hines who informed Plaintiff that she was surprised that Plaintiff had not heard from Orf.

38.     During the June 4, 2019 conversation with Hines mentioned in Paragraph 37 above, Hines informed Plaintiff that she could attend the meetings by phone and answer questions that may arise.

39.     Attendance at the monthly meetings did not require in-person attendance, as some attendees did attend these meetings through conference calls.

40.     Plaintiff was agreeable to the proposal of listening in and answering questions by phone at the monthly meeting.

41.     During the June 4, 2019 conversation with Hines mentioned in Paragraph 40 above, Hines asked Plaintiff if she would be willing to take another position in the organization, to which Plaintiff responded affirmatively.

42.     On or about June 10, 2019, Plaintiff received a letter from Human Resources stating that Plaintiff's disability prevented her from performing an essential function of her job and that her accommodation request was denied.

43.     On or about June 17, 2019, Hines informed Plaintiff that she would have to come up

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

with a plan to start giving the report at the September 18, 2019 meeting.   Plaintiff informed Hines that she was not sure how she would be able to give the report.

44.     On or about June 19, 2019, Plaintiff joined the Behavioral Health Quality Meeting by phone and forwarded a copy of her report to Hines to present at the meeting as planned.

45.     On or about June 20, 2019, Plaintiff met with Hines who asked what Plaintiff's plans were beyond September 18, 2019 and if Plaintiff was going to resign after that date. Plaintiff informed Hines that she was unsure what was going to happen as she was not going to be able to accomplish what Hines wanted.

46.     On or about June 25, 2019, Plaintiff attended an in-person meeting with Hines and a program director.  Hines informed Plaintiff that she would do the presentation.  However, during the meeting, Hines intentionally stopped and passed the meeting off the Plaintiff.

47.     Hines's actions on June 25, 2019 triggered severe distress and a panic attack once the meeting was concluded.

48.     Hines's actions at the June 25, 2019 meeting were done with an evil motive.

49.     On or about July 3, 2019, Lindsey Leverington (hereinafter "*Leverington*") in human resources contacted Plaintiff about a job transfer opening.  Plaintiff agreed to interview for the position but then withdrew when she found out that the position came with a 50% salary reduction.

50.     On or about July 18, 2019, Plaintiff sought treatment with Michelle Anthony (hereinafter "*Anthony*"), who is a licensed therapist, in order to help with public speaking.

51.     On or about July 23, 2109, Plaintiff attended a Toast Masters meeting at the suggestion of Anthony in an attempt to satisfy Hines's wishes by September 18, 2019.

52.     On or about July 31, 2019, Plaintiff met with Hines, who asked Plaintiff about her

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

plans and informed Plaintiff that she would be subject to discipline if she did not present her reports.

53.     On or about July 31, 2019, Hines emailed Leverington who responded that if Plaintiff did not meet expectations, it would lead to a success plan.

54.     On or about August 1, 2019, Plaintiff responded to Leverington and informed her again about her disability and that there were no guarantees that she would be ready by September 18, 2019 but was working on it.

55.     On or about September 3, 2019, Plaintiff was informed that the September 18, 2019 meeting was cancelled.

56.     On or about October 14, 2019, Plaintiff met with Hines and let her know what all she was doing to try to overcome the anxiety, medication, toast masters, breathing exercises, meetings with counselors, psychiatric providers.  Plaintiff informed Hines that she would not be able to give the report on October 16th, 2019.  Hines then let Plaintiff know that she would check in with Lindsey in human resources about what to do.

57.     Later that day, Hines informed Plaintiff that if she did not present at the next meeting, Plaintiff would be put on a success plan on October 17th and be given two opportunities to comply on October 21 and again some time before the November 20, 2020 meeting.  Hines also offered Plaintiff the opportunity to resign prior to falling out of good standing on the success plan.

58.     Hines informed Plaintiff that human resources saw Plaintiff's inability to give presentations as insubordination.

59.     On or about October 15, 2019, Plaintiff sent an email to Hines and Leverington reiterating the fact that Plaintiff could not present the meetings due to her disability and that

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

human resources had received the documents from the doctor.

60.     Leverington replied to the October 15, 2019 email that they would accommodate Plaintiff's request but speaking at the meetings was a key function of her job.

61.     On or about October 16, 2019, Plaintiff submitted a letter of resignation effective November 1, 2019 because she would have otherwise been fired not under good standing.

62.     Plaintiff's resignation was forced by the discriminatory treatment she was facing at work.

<u>STATEMENT OF CLAIMS</u>

### COUNT ONE: DEFENDANT VIOLATED THE MISSOURI HUMAN RIGHTS ACT FOR DISABILITY DISCRIMINATION

63.     Plaintiff restates, realleges and reavers and hereby incorporates by reference the above stated paragraphs of this Petition.

64.     Plaintiff's disability or being perceived as having a disability were a motivating factor Hines's behavior or June 25, 2019 to emotionally scar and cause Plaintiff to have a panic attack and anxiety.

65.     Plaintiff's disability or being perceived as having a disability were a motivating factor in Defendant's decision to deny Plaintiff's request for a reasonable accommodation.

66.     Plaintiff's disability or being perceived as having a disability were a motivating factor in Defendant's decision to give Plaintiff an ultimatum of being on a performance improvement plan or resign.

67.     Plaintiff's request for a reasonable accommodation of not giving in person presentations due to her disability was a motivating factor in Plaintiff's termination.

68.     Plaintiff's discharge was humiliating, emotionally traumatic, and depressing, as it

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

would be to any person in the same circumstances and she claims and seeks damages for that injury in any sum the jury finds to be reasonable and appropriate.

69.     As a consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, emotional and psychological distress, anxiety, stress, embarrassment, humiliation, pain, and suffering.   Defendants knew or should have known and reasonably anticipated, that discharging Plaintiff under the circumstances heretofore described would cause the emotional and psychological injuries aforesaid.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.     For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.     For a money judgment representing prejudgment interest, if applicable;

C.     That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

D.     For lost monies and damages pertaining to out-of-pocket expenses;

E.     For reasonable attorneys' fees; and expenses.


COUNT TWO: DEFENDANT VIOLATED THE MISSOURI HUMAN RIGHTS ACT BY
RETALIATING AGAINST THE PLAINTIFF

70.     Plaintiff restates, realleges and reavers and hereby incorporates by reference the above stated paragraphs of this Petition.

71.     Plaintiff alleges that Defendant's unlawful and discriminatory termination of her employment in retaliation for her complaining about Defendant's failure to accommodate her request for a reasonable accommodation violates the provisions of the Missouri Human Rights

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

Act, Mo. Rev. Stat. § 213.070., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

72.     Plaintiff's report of discrimination due to her disability was a motivating factor in Plaintiff's termination.

73.     Plaintiff's discharge was humiliating, emotionally traumatic, and depressing, as it would be to any person in the same circumstances and she claims and seeks damages for that injury in any sum the jury finds to be reasonable and appropriate.

74.     As a consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, emotional and psychological distress, anxiety, stress, embarrassment, humiliation, pain, and suffering.  Defendants knew or should have known and reasonably anticipated, that discharging Plaintiff under the circumstances heretofore described would cause the emotional and psychological injuries aforesaid.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.      For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.      For a money judgment representing prejudgment interest, if applicable;

C.      That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

D.      For lost monies and damages pertaining to out-of-pocket expenses;

E.      For reasonable attorneys' fees; and expenses.

COUNT THREE: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES
ACT, AS AMENDED, 42 U.S.C. §§12101 et seq.

75.     Plaintiff restates, realleges and reavers and hereby incorporates by reference the

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

above stated paragraphs of this Petition.

76.     The actions of the Defendant, through its agents, servants, and employees, in discriminating against Plaintiff on the basis of her actual and/or perceived disabilities and/or record of impairment, and failing to provide reasonable accommodation for her disability, constituted violations of the ADA.

77.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

78.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

79.     Plaintiff alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of her disability or disabilities and said actions violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.      For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.      For a money judgment representing punitive damages for Defendant's willful violations of law;

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

C.      For a money judgment representing prejudgment interest, if applicable;

D.      That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

E.      For lost monies and damages pertaining to out-of-pocket expenses;

F.      For reasonable attorneys' fees; and expenses

## COUNT FOUR: DEFENDANT VIOLATED THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. §§12203 et seq.

80.    Plaintiff restates, realleges and reavers and hereby incorporates by reference the above stated paragraphs of this Petition.

81.    In addition, Plaintiff alleges that Defendant's unlawful and discriminatory termination of her employment in retaliation for her filing of a grievance of non-compliance with the Americans with Disabilities Act violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §§ 12203 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.      For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.      For a money judgment representing punitive damages for Defendant's willful violations of law;

C.      For a money judgment representing prejudgment interest, if applicable;

D.      That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require Defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable MHRA provisions;

E.      For lost monies and damages pertaining to out-of-pocket expenses;

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

F.      For reasonable attorneys' fees; and expenses

<u>JURY DEMAND</u>

Plaintiff herein demands a trial by jury of all issues in this action.

**McMICHAEL, LOGAN, SCHAEFFER, & GILPIN**

By:     */s/ J. Clayton Schaeffer*
        J. Clayton Schaeffer, #67444
        Michelle K. Faron, #68058
        Attorneys for Plaintiff
        12166 Old Big Bend Rd., Suite 99
        Kirkwood, MO 63122
        (636) 532-1400 Office
        (888) 823-1441 Facsimile
        clay@mcmcihael-logan.com
        michelle@mcmichael-logan.com

**2011-CC01214**



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Maryann Brennan
1627 Rosewall Drive
Saint Charles, MO 63303
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE:   Maryann Brennan vs. COMPASS HEALTH, INC.
      E-01/20-51841 28E-2020-00431C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

September 23, 2020
Date

C:    additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

RE:     Maryann Brennan vs. COMPASS HEALTH, INC.
            E-01/20-51841  28E-2020-00431C


COMPASS HEALTH, INC.
111 Mexico Court
Saint Peters, MO 63376
*Via Respondent Contact Email*

John M. Waldeck
WALDECK & PATTERSON, PA
5000 West 95th Street, Suite 350
Prairie Village, KS 66207
*Via Email*

J. Clayton Schaeffer
ATTORNEY AT LAW
12166 Ol Big Bend Road, Suite 99
Kirkwood, MO 63122
*Via Email*

**2011-CC01214**

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Maryann Brennan<br>1627 Rosewall Drive<br>Saint Charles, MO 63303 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

RECEIVED
OCT 0 5 2020
BY: _____

☐ *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2020-00431 | **Joseph J. Wilson,<br>State & Local Program Manager** | **(314) 798-1930** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

JOSEPH WILSON

**Lloyd J. Vasquez, Jr.,
District Director**

September 30, 2020

*(Date Mailed)*

Enclosures(s)

cc:

**COMPASS HEALTH, INC.**
c/o John M. Waldeck
**WALDECK & PATTERSON, PA**
**5000 West 95th Street, Suite 350**
**Prairie Village, KS 66207**

**J. Clayton Schaeffer**
**ATTORNEY AT LAW**
**12166 Ol Big Bend Road, Suite 99**
**Kirkwood, MO 33122**

Electronically Filed - St Charles Circuit Div – December 22, 2020 - 03:39 PM

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION** | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA | E-01/20-51841 |
| | ☒ EEOC | 28E-2020-00431C |

| MISSOURI COMMISSION ON HUMAN RIGHTS | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Maryann Brennan | (314) 583-5538 | 09/01/1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1627 Rosewall Dr., St. Charles, MO 63303 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Compass Health, Inc. | 500+ | (800) 457-9303 |

| Street Address | City, State and ZIP Code |
|---|---|
| 111 Mexico Ct., St. Peters, MO 63376 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER *(Specify)* Perceived Disability

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  Nov 1, 2019

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Please see attached.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 1-23-2020          *[signature]* Maryann Brennan | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | **FILED** |

JAN 2 7 2019

MISSOURI COMMISSION
ON HUMAN RIGHTS

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

**Maryann Brennan**

**v.**

**Compass Health, Inc.**

---

## CHARGE OF DISCRIMINATION BASED UPON AGE, DISABILITY, PERCEIVED DISABILITY, AND RETALIATION

---

I, Maryann Brennan, am a White female residing in St. Charles, MO, and I am 59 years old. It is my contention that my former employer, Compass Health, Inc. (hereinafter "Compass" or "Company"), as well as its agents and employees, have engaged in acts of discrimination and retaliation based upon my age, disability, and perceived disability. Ultimately, my employment was constructively ended on November 1, 2019 when I was forced to resign.

Many of the facts demonstrating the discrimination and retaliation are as follows:

I was hired by Compass on October 31, 2011, and my job title was Licensed Quality Management Specialist at the time of my constructive discharge in November of 2019. I worked from an office located in St. Peters, MO, and I was compensated with a salary of $59,820.80. Additionally, my employer covered benefits valued at $16,346.54 that included medical insurance, life insurance, long term disability insurance, short term disability insurance, a 401k match, a wellness benefit, and PTO. My main job duties included monitoring medical charts, conducting fidelity reviews, and preparing reports.

At the heart of this matter is the fact that I suffer from a mental impairment that substantially limits my ability to perform certain tasks that are not central to my employment. Specifically, I am under medical care for panic attacks and performance anxiety. From the beginning of my employment in 2011 until May of 2019, I had been granted an accommodation with respect to my disability. Periodically, I was required to draft a report on chart reviews of certain items that my supervisor would use when presenting at a monthly meeting at the Company headquarters in Jefferson City. In May of 2019, I was informed that I would be required to present a five-minute report in person at this meeting that consisted largely of company managers. Because of my disability, I am unable to do this. Instead of presenting this myself, I had always been asked to prepare the report for my supervisor's presentation. Suddenly, this was no longer acceptable, and my accommodation had been revoked. This led to a series of unlawful events.

Timeline

*May 7, 2019* - My supervisor **Kendra Hines** insisted that I attend a monthly meeting in Jefferson City and give a five-minute report to a group consisting largely of company manager.

FILED

JAN 2 7 2019

MISSOURI COMMISSION
ON HUMAN RIGHTS

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

*May 14, 2019* – I informed Kenda that I was unable to present at that meeting because of my performance anxiety and panic disorder. Kendra proposed I write a report (more detailed than the chart review report I always drafted for other supervisors) that she could present at the meeting. I was happy with this proposal.

*May 16, 2019* - Kendra directly notified HR to tell them I needed the forms related to ADA protections. I did not ask her to do this and didn't even really have a good idea of what was happening at this point. During a meeting with her on that day, she told me that she "had really done me a disservice the other day" and apologized for not bringing up the need for an ADA accommodation so she was going to put me in touch with HR about it.

*May 18, 2019* - HR sent me a form that included a requirement that I get a diagnosis from my doctor.

*May 21, 2019* - I met with **Margret Orf** in HR and was told by her that this could be worked out without needing to utilize the accommodation process. HR stated they would call Kendra and reassured me several times that they would get back in touch with me.

*May 24, 2019* - My medical provider, Dr. Cindy Willbrand completed the forms, stating that I am unable to verbally present reports/information/answering questions in groups; and Dr. Christian Wessling signed off on the forms. This is attached hereto and incorporated herein as Exhibit 1.

*May 28, 2019* - I called and left a message for Margret Orf in HR about the submission of my forms. I did not hear back from her.

*June 4, 2019* - after a second week, I forwarded the completed form with the diagnosis to Margret Orf in HR.

*June 4, 2019* – Margaret called me back and said she was surprised my supervisor hadn't talked to me. I then reached out to Kendra, who told me that she was surprised that I didn't hear from HR. This is somewhat of a theme for how my situation was handled. During my conversation with Kendra, she said that I could attend the meetings by phone and listen in to potentially answer any questions that might arise. I was happy to do this and hoped it could be a permanent accommodation.

> \*Note that attending the meeting in person, itself, is not mandatory. At the last meeting, there were 19 attendees: 12 in person and 7 by conference call, including client's supervisor.

During this same meeting, Kendra asked if I would be willing to take another position in the organization. I said yes.

*June 10, 2019* – I received a letter from HR (this is attached hereto and incorporated herein as Exhibit 2), stating my disability prevented me from performing an essential function of my job, that I could apply for other jobs in the organization. My accommodation request was denied.

FILED

JAN 2 7 2019

MISSOURI COMMISSION
ON HUMAN RIGHTS

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

*June 17, 2019* – Kendra informed me that I had to come up with a plan to start giving the report at the Sept. 18, 2019 meeting. This implied I would lose my job if I'm not at the Sept. 18, 2019, meeting. I informed Kendra that I didn't know how I would be able to do this. I was under medical care for my disability, which my doctor claims will last a lifetime. There was no "cure" that would permit me to present this by September.

*June 19, 2019* – I joined the Behavioral Health Quality meeting by phone and forwarded a copy of her report to Kendra to present at meeting as we planned. This went well.

*June 20, 2019* – I met with Kendra, who asked what my plans were beyond the 18th of September. Kendra asked if I was going to resign after September 18, 2019. I told her I didn't know what I was going to do because I was not going to be able to accomplish what Kendra wanted by September 18, 2019.

*June 25, 2019* – I attended an in-person meeting with Kendra and a program Director. Kendra told me that she would do the presentation. During the meeting Kendra intentionally stopped and passed the meeting off to me, which triggered severe distress and a panic attack once the meeting was finished. I did my best. She did this with an evil motive.

*July 3, 2019* – **Lindsey Leverington** in HR contacted me about a job transfer opening. Once I agreed to interview for his position, Lindsey informed me that it came with a 50% salary reduction, so I withdrew. I think the job title was Credentialing Specialist, and it was in the HR department.

*July 18, 2019* – I sought treatment on my own from Michelle Anthony, who is a licensed therapy, to help with public speaking.

*July 23, 2019* – I attended a Toast Masters meeting at the suggestion of Michelle Anthony. I was doing everything I could to be able to satisfy Kendra's wishes by September 18, 2019.

*July 31, 2019* – I met with Kendra who asked me about my plan again. She told me that discipline would start on Sept 18th if I wasn't able to present my reports by then. Kendra emailed Lindsey Leverington in HR, who responded by stating that if I didn't meet expectations it would lead to a success plan.

*Aug 1, 2019* – I replied to Lindsey informing her again of my disability. I told her that I could not guarantee that I would be ready by Sept 18th and informed her I was working on it.

*Sep 3, 2019* – Informed that September meeting was cancelled.

*Oct 14, 2019* – I met with Kendra and let her know what all I was doing to try and overcome my anxiety. I told her about toast masters, medication, breathing exercises, meeting with counselors, therapist, psychiatric provider, but that I would not be able to give the report on Wednesday October 16h. Kendra replied letting me know she would check with Lindsey in HR about what to do and would let me know as soon as she knew something.

Later that day, Kendra informed me that if I didn't present at the next meeting, I would be put on a success plan as of October 17th and would be given two opportunities to comply, and that the

FILED
JAN 27 2019
MISSOURI COMMISSION
ON HUMAN RIGHTS

Electronically Filed - St Charles Circuit Div - December 22, 2020 - 03:39 PM

next event coming up would be October 21st and that the second could come up any time after October 21, but no later than November 20th, the next meeting. So, my employment would be terminated by November 21st if I did not comply. The other option I had was to resign prior to falling out of good standing on success plan (so, prior to October 21). Kendra verified that HR sees this issue as insubordination.

*Oct 15, 2019* - I sent an email to Kendra and Lindsay reiterating the fact that I couldn't perform the meetings due to my disability, and that HR had received the docs from the doctor.

Lindsay replied stating that they would accommodate however, speaking at the meetings was a key function of my job and that I needed to do it. I do not believe that this was a key function of my job.

*Oct 16, 2019* – I submitted letter of resignation effective (11/1/19) because I would have otherwise been fired not under good standing.

Based upon the foregoing, it is my contention that Compass and the named individuals have engaged in acts of discrimination and retaliation under Section 213 of the Missouri Human Rights Act and Title VII of the Civil Rights Act of 1964. I am seeking the reinstatement of my employment, payment for lost wages, compensation for pain, humiliation and suffering, and should the matter proceed to litigation, I will request attorney's fees and punitive damages as well for the intentional violation of my rights under law.


Maryann Brennan


J. Clayton Schaeffer,
*Attorney for Ms. Brennan*


**FILED**

JAN 2 7 2019

MISSOURI COMMISSION
ON HUMAN RIGHTS